IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JULIAN T. BOLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 04-2632 Ma/V |
| COCHRAN, CHERRY, GIVENS & SMITH-TN, | ) |
| LLP, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

**ORDER DENYING MOTIONS RELATED TO THE DEATH OF DEFENDANT JOHNNIE L. COCHRAN, JR.**
_____

Before the court are two motions related to the death of Defendant Johnnie L. Cochran, Jr. ("Cochran"). On November 3, 2005, Defendants filed a Motion for Dismissal of Deceased Party. Plaintiff Julian T. Bolton ("Bolton") filed a response on December 22, 2005. Bolton also filed a Motion to Substitute Pearl Cochran Baker ("Baker") and Martha Cochran Sherrard ("Sherrard") as Personal Representatives of the Estate of Johnnie L. Cochran, Jr. on December 22, 2005. Defendants filed a response on December 30, 2005. For the following reasons, Defendants' motion and Bolton's motion are DENIED.

Defendants assert that Cochran should be dismissed as a defendant under Fed. R. Civ. P. 25(a)(1), which states that:

1

> If a party dies and the claim is not thereby
> extinguished, the court may order substitution of the
> proper parties. The motion for substitution...shall be
> served on the parties as provided in Rule 5 and upon
> persons not parties in the manner provided in Rule
> 4.... Unless the motion for substitution is made not
> later than 90 days after the death is suggested upon
> the record by service of a statement of the fact of the
> death as provided herein for service of the motion, the
> action shall be dismissed as to the deceased party.

In their answer to Bolton's complaint, filed on May 10, 2005, Defendants stated, "Pursuant to Fed.R.Civ.P. 25(a), the death of Johnnie L. Cochran, Jr. on March 29, 2005, is suggested upon the record." (Answer 2.) Defendants argue that this statement is sufficient to start the 90-day time period for filing a motion for substitution and that, because Bolton's motion for substitution was not filed within 90 days, the action should be dismissed as to Cochran. Bolton asserts, however, that the statement in Defendants' answer was not a sufficient Suggestion of Death to start the running of the 90-day time period.

The court need not reach the question of the sufficiency of Defendants' Suggestion of Death because, if the statement were sufficient, Bolton would be entitled to an enlargement of time under Fed. R. Civ. P. 6(b). Although Bolton did not request an enlargement of time before the 90-day period expired, assuming that the 90-day period had started to run, the court finds that Bolton's failure to act was the result of excusable neglect. Bolton had reason to question the sufficiency of Defendants' Suggestion of Death, given that Defendants filed the statement as

part of their pleadings rather than as a separate document. See Grandbouche v. Lovell, 913 F.2d 835, 836-37 (10th Cir. 1990) ("Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution.").

The law is not clear about whether a Suggestion of Death must identify the successors or representatives of the deceased. Several courts have held that the Suggestion of Death must be served on the successors or representatives of the deceased party to begin the running of the 90-day period, which runs from the date of service rather than the date of filing. See Bass v. Attardi, 868 F.2d 45, 50 (3d Cir. 1989) (suggestion of death deficient because not served on decedent's successors or representatives); Fehrenbacher v. Quackenbush, 759 F. Supp. 1516, 1519 (D. Kan. 1991) (by requiring that a Suggestion of Death be served on non-parties as well as parties, "the rule implicitly allocates the burden of identifying the substitute party to the party making the suggestion of death"); Kaldawy v. Gold Service Movers, Inc., 129 F.R.D. 475, 477 (S.D.N.Y. 1990) ("The result of our ruling is that it is impossible to effectively serve a notice of the death of a party until a representative has been appointed."). There is no indication that Cochran's successors or representatives have been served with a Suggestion of Death.

The D.C. Circuit has held that a Suggestion of Death must identify a decedent's representatives or successors "before Rule

25(a)(1) may be invoked by those who represent or inherit from the deceased." Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir. 1969); see also McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985) (failure to identify decedents' representatives or successors in filing suggesting the death of two defendants that was filed by all defendants made filing insufficient to meet requirements of Rule 25(a)(1)). Defendants' answer was filed by all defendants, including Cochran, and therefore, under the rule in the D.C. Circuit, the Suggestion of Death should have identified Cochran's representatives or successors. One of the primary concerns that led that court to adopt the rule was awareness that a defendant's attorney could use the Suggestion of Death as a tactic, placing the burden on the plaintiff to determine the identity of a decedent's successor or representative, particularly in cases where there is no conventional estate administration. Id.

The Second Circuit, in contrast, has held that Rule 25(a)(1) does not require a Suggestion of Death to identify the successors or representatives of the decedent. Unicorn Tales v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998). The Second Circuit does acknowledge, however, the D.C. Circuit's concerns about cases where there is an inability to identify or a significant difficulty in identifying a decedent's successors or representatives. In those cases, the court noted that a motion could be brought under Rule 6(b) to enlarge time. Id.

This case appears to involve facts similar to those that caused the D.C. Circuit concern in Rende. Although Defendants

would require Bolton to file his motion for substitution earlier, their response to his motion asserts that Baker and Sherrard are not proper successors or representatives. Defendants, in fact, appear to assert that Cochran has no successors or representatives, although the court cannot accept their assertion merely because there has been no conventional estate administration. See 6-25 Moore's Federal Practice-Civil § 25.12[3] ("As Rule 25(a) recognizes, the proper party usually will be the representative of the decedent's estate who has been appointed under state law. The rule also uses the word 'successors,' however, indicating that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator.").

Bolton's delay in filing his motion for substitution is explained by his uncertainty about whether Baker and Sherrard have the legal right to pursue claims brought by or to defend against claims brought against Cochran. Defendants cannot use Rule 25(a)(1) as a tactic, allowing Cochran to be dismissed in this case without the substitution of proper parties and placing on Bolton the burden of properly identifying Cochran's successors in interest or of "instituting machinery in order to produce some representative of the estate ad litem." Rende, 415 F.2d at 986. These concerns are of particular significance where, as here, there appears to have been no traditional estate administration.

The court finds that Defendants' Suggestion of Death was

insufficient to begin the running of the 90-day time period, or if it was sufficient, that Bolton is entitled to an enlargement of time to file his motion for substitution. Therefore, Defendants' motion to dismiss Cochran is DENIED. Because the court cannot determine whether Baker and Sherrard are the proper successors to Cochran, Bolton's motion for substitution is DENIED.

    So ordered this 4th day of May 2006.


    s/Samuel H. Mays, Jr.
    SAMUEL H. MAYS, JR.
    UNITED STATES DISTRICT JUDGE