```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

JULIAN T. BOLTON,                     )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )
                                      )         No. 04-2632 Ma/V
COCHRAN, CHERRY, GIVENS & SMITH-TN,   )
LLP, et al.,                          )
                                      )
     Defendants.                      )
                                      )
_____

   ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
_____
```

Plaintiff Julian T. Bolton ("Bolton") brings this action alleging breach of a Letter Agreement against Defendants Cochran, Cherry, Givens & Smith-TN, LLP ("the Tennessee LLP"), Johnnie L. Cochran, Jr. ("Cochran"), Samuel A. Cherry, Jr. ("Cherry"), J. Keith Givens ("Givens"), and Jock M. Smith ("Smith") (collectively, "Defendants"). Before the court is Defendants' Motion for Partial Summary Judgment, filed on December 7, 2005. Bolton responded on January 13, 2006. On February 3, 2006, Defendants filed a reply. For the following reasons, Defendants' motion is GRANTED.

I. Background

The following allegations are taken from Bolton's complaint. In 2001, Bolton entered into an agreement ("the Letter

Agreement") with Cochran, Cherry, Givens, and Smith to become a limited partner in the Tennessee LLP. (Compl. ¶ 7, Ex. 1.) Bolton also assumed the position of managing partner of the Memphis office of The Cochran Firm, beginning sometime in 2001. (Id. ¶¶ 8-9, Ex. 1.)

Without Bolton's knowledge, Cochran, Cherry, Givens & Smith, P.C. ("the national firm"), entered into an agreement ("the January agreement"), effective January 2, 2002, with Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., and John P. Morgan, P.A. ("the Florida firms"). (Id. ¶ 10, Ex. 2.) The January agreement was an operating agreement for Cochran, Cherry, Givens, Smith & Bolton, P.C., also known as The Cochran Firm—Memphis. (Id. Ex. 2 at 1.) In September 2002, without Bolton's knowledge, The Cochran Firm—FLA-TN, LLP, was registered as a limited liability partnership with the Secretary of State of Florida. (Id. ¶ 11.) The January agreement and the establishment of an LLP in Florida "had the effect of transferring all of the assets of" the Tennessee LLP to the national firm and the Florida firms. (Id. ¶ 12.)

According to Bolton, the transfer of assets breached the Letter Agreement and "was done without proper liquidation of the Tennessee" LLP. (Id.) Bolton asserts that, because the Tennessee LLP was not properly liquidated, he was denied the 1% ownership interest in the Tennessee LLP to which he was entitled under the

2

Letter Agreement. (Id. ¶¶ 8, 12, 14, 17.) Bolton also alleges that he was entitled to 5% of the gross revenue of the Tennessee LLP under the Letter Agreement and that Defendants breached the Letter Agreement when, on April 1, 2004, they ceased paying Bolton any percentage of the gross revenues. (Id. ¶ 13.) On July 15, 2004, Bolton filed this action in the Chancery Court of Shelby County, Tennessee. On August 13, 2004, Defendants removed the case to federal court based on diversity of citizenship.

**II. Jurisdiction and Choice of Law**

Bolton is a resident citizen of Tennessee. The court has determined that the Tennessee LLP is not a citizen of Tennessee because none of the partners in the Tennessee LLP are citizens of Tennessee. (Order Denying Plaintiff's Motion to Remand and Denying Plaintiff's Motion to Schedule an Evidentiary Hearing as to Whether Diversity Jurisdiction Exists 15, d.e. 21, Jan. 27, 2005.) Cochran was a citizen of California. Cherry, Givens, and Smith are citizens of Alabama. Because the amount in controversy exceeds $75,000, the court has diversity jurisdiction under 28 U.S.C. § 1332.

The substantive law governing diversity actions is state rather than federal law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti,

133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply. In tort cases, the Tennessee rule is the "most significant relationship" approach set forth in the Restatement (Second) of Conflict of Laws. Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).

> Contacts to be taken into account...to determine the law applicable to an issue include:
> > (a) the place where the injury occurred,
> > (b) the place where the conduct causing the injury occurred,
> > (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> > (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Id. (quoting Restatement (Second) of Conflict of Laws § 145(2)).

Although some of the relevant conduct in this case occurred in Florida, the primary focus of the case is the Memphis office of The Cochran Firm. That office is where the relationship between the parties is centered, as well as the place where Bolton's injury occurred. Therefore, the court will apply Tennessee substantive law.

4

**III. Standard for Summary Judgment**

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the

nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

Defendants assert that they are entitled to summary judgment on Bolton's claim that they breached the Letter Agreement by ceasing to pay him 5% of The Cochran Firm's gross revenues after April 1, 2004, because the Letter Agreement was an employment contract for an indefinite term and was, therefore, terminable at will by either party. In response, Bolton asserts that he is a limited partner of the Tennessee LLP and, therefore, that cases related to employment at will do not apply to his claim for breach of contract.

The Letter Agreement specifies, however, that the payment of 5% of the gross revenues is meant as compensation for services rather than a partnership interest. (Compl. Ex. 1 ¶¶ 5F, 5G.) If Bolton were a limited partner, entitled to a 1% equity interest,[1]

---

[1] In its order denying Bolton's motion to remand, the court found that the statutory requirements had not been met to make Bolton a limited partner of the Tennessee LLP, although the court did not address the issue of whether

that alone would not entitle him to a position as managing partner or to compensation for services to the partnership. "Where an agreement to pay compensation for a partner's services to the partnership is silent as to its intended duration, it is terminable at will." 59A Am. Jur. 2d Partnership § 315. Although a survey of Tennessee law does not reveal any cases specifically addressing this issue, the court has found nothing to indicate that Tennessee would not follow this general rule.

The Letter Agreement states that, after one year as "managing partner," there would be a review of Bolton's equity position in the firm and a review of a never-drafted Operating Agreement defining Bolton's duties, responsibilities, and limitations as managing partner. (Compl. Ex. 1 ¶¶ 4, 6.) No other time period is mentioned, and more than one year had elapsed between the time Bolton began working at the Tennessee LLP and the time he stopped receiving 5% of the gross revenues as compensation. Therefore, the court finds that, as to the payment of 5% of the gross revenues, the Letter Agreement was terminable at will, and Defendants' motion for summary judgment as to Bolton's claim for breach of contract based on the cessation of those payments is granted.

---

the parties had created rights among themselves. (Order Denying Plaintiff's Motion to Remand and Denying Plaintiff's Motion to Schedule an Evidentiary Hearing as to Whether Diversity Jurisdiction Exists 15, d.e. 21, Jan. 27, 2005.)

**V. Conclusion**

    Defendants Cochran, Cherry, Givens & Smith-TN, LLP, Johnnie L. Cochran, Jr., Samuel A. Cherry, Jr., J. Keith Givens, and Jock M. Smith's Motion for Partial Summary Judgment is GRANTED.

    So ordered this 4th day of May 2006.

    s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE